IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCOS ESTRADA GARCIA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-2736 |
| | : | |
| JAMAL L. JAMISON | : | |
| *Warden of Philadelphia Federal Detention* | : | |
| *Center, et al.* | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                                        **April 29, 2026**

Petitioner Marcos Estrada Garcia brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security (DHS). He argues his mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) is unlawful. Because § 1225(b)(2) does not apply to noncitizens like Estrada Garcia who have resided within the United States for years, the Court will grant his petition.

**BACKGROUND**

Marcos Estrada Garcia is a citizen of Mexico who entered the United States at the southern border without inspection (and without being apprehended) in 2003. Pet. ¶¶ 2, 16, ECF No. 1. He has since established a life in the Norristown, Pennsylvania area where he lives with his partner and six biological children, all of whom are United States citizens. *Id.* ¶ 2. On April 24, 2026, Estrada Garcia was arrested by Immigration and Customs Enforcement (ICE) agents. *Id.* ¶ 3. He is currently being detained at the Federal Detention Center in Philadelphia. *Id.*

On April 25, 2026, Estrada Garcia filed the instant habeas petition, seeking release on the ground that his detention pursuant to § 1225(b)(2)(A) violates the plain language of the Immigration and Nationality Act (INA), the bond regulations thereunder, and his due process rights under the Fifth Amendment. The Government responded to the petition on April 28, 2026. It maintains Estrada

Garcia is lawfully detained pursuant to § 1225(b)(2)(A) under a correct interpretation of the statute and that such detention does not violate due process.

**DISCUSSION**

This case turns on a question of statutory interpretation that this Court and many others, in this district and elsewhere, have previously resolved against the Government. The provision in question—§ 1225(b)(2)(A)—states that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." In *Ndiaye v. Jamison*, this Court interpreted § 1225(b)(2)(A) to be limited to "noncitizens who are just arriving or have recently arrived in the country." No. 25-6007, 2025 WL 3229307, at *5 (E.D. Pa. Nov. 19, 2025). The Court found this interpretation was supported by the language of the statute—including the phrase "seeking admission," which "connotes some affirmative, present-tense action"—as well as the structure of the INA, longstanding agency practice, the passage of the Laken Riley Act, and the canon of constitutional avoidance. *Id.* at *5-8. The Court further held that detention of noncitizens already present in the country is governed by different provision—8 U.S.C. § 1226(a)—which "authorizes discretionary detention with the opportunity for a bond hearing." *Id.* at *4-5.

The Government acknowledges that courts in this district have reached same conclusion this Court reached in *Ndiaye* in more than 250 cases to date. Resp'ts' Opp'n 2, ECF No. 4. Nevertheless, the Government continues to press its contrary interpretation. The issue is now the subject of a circuit split. Rejecting the overwhelming weight of authority from district courts around the country, divided panels of the Fifth and Eighth Circuits have agreed with the Government's position, holding that an "applicant for admission" is "seeking admission" so long as he is "'present in the United States [and] has not been admitted,' . . . regardless of whether he takes 'any further affirmative steps to gain

2

admittance.'" *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026) (alteration in original) (citations omitted); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026).  The Second and Seventh Circuits, in contrast, have "join[ed] the overwhelming majority of federal judges across the Nation" in holding that § 1225(b)(2)(A) "does not apply to . . . noncitizens[] who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." *Barbosa da Cunha v. Freden*, __ F.4th __, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *see also Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025) (finding the government in the preliminary injunction context was not likely to succeed on the argument that noncitizens already in the country are subject to mandatory detention under § 1225(b)(2)(A)).[1]

While none of the foregoing appellate authority is binding on this Court, the decisions in *Barbosa da Cunha* and *Castañon-Nava* align with this Court's analysis in *Ndiaye* and with "the decisions of over 370 district judges across the Nation who (as of mid-February 2026) have also rejected the government's position." *Barbosa Da Cunha*, 2026 WL 1146044, at *4.  This Court will adhere to its prior decisions holding that "§ 1226 applies to noncitizens like [Estrada Garcia] who have been residing in this country, while § 1225 is reserved for newly arriving noncitizens." *Ndiaye*, 2025 WL 3229307, at *8.  Under this interpretation, Estrada Garcia's current detention under § 1225(b)(2)(A) is unlawful.  The Court will therefore grant his habeas petition and order his immediate release.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[1] The Third Circuit has not yet addressed the issue presented in this case but will soon have occasion to do so.  *See* Resp'ts' Opp'n 6 n.6.